UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFTON CLINTON WILLIAMS IV,     Plaintiff,

v.     Civil Action No. 3:24-cv-303-DJH

LOUISVILLE METRO DETENTION
CENTER *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Clifton Clinton William IV filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff[1] filed this action on April 26, 2024. He sues Defendants Louisville Metro Detention Center, which the Court construes as Louisville Metro Department of Corrections (LMDC), "Chief Jailer, Public Affairs," and "Human Resources Department." Where the complaint form asks for the basis of the Court's jurisdiction, Plaintiff indicates jurisdiction based on a federal question. Where the form asks for the federal constitutional or statutory rights that have been violated, Plaintiff writes, "Violation of prisoners information act Americans with Disabilities Act 4th Amendment 5th Amend 14th Am."

---

[1] Plaintiff was a non-prisoner at the time he filed this action but has notified the Court that he is currently incarcerated in New York (Docket No. 12).

In the statement-of-claim section of the complaint form, Plaintiff states that the date of the alleged occurrence was March 14, 2021. Plaintiff further states as follows:

> I was due to be released and was awaiting dismissal from the jail when at 12:15 am tried to gain attention of a gaurd by kicking a door. Upon arrival I was restrained in handcuffs and then was hip-tossed unto my right shoulder by the gaurd for asking when can I be released.

Plaintiff states that his right clavicle and elbow were injured.

As relief, Plaintiff seeks monetary damages.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

The Court construes Plaintiff's allegations as a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourteenth Amendment. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "The 'standard' accrual 'rule' for federal claims

starts the limitations period 'when the plaintiff has a complete and present cause of action' that can be raised in court." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019)).

Plaintiff alleges that the excessive force incident took place on March 14, 2021. "A § 1983 excessive force claim accrues the same day the alleged excessive force is used." *Smith v. Streck*, No. 3:22-cv-203, 2024 U.S. Dist. LEXIS 38277, at *5 (S.D. Ohio Mar. 4, 2024) (citing *Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005)). Plaintiff's claim accrued on the date of the incident, and the limitations period expired one year later, on March 14, 2022. The complaint was not filed until April 26, 2024, more than two years after the expiration of the statute of limitations. The Court finds that it is obvious on the face of the complaint that Plaintiff's excessive force claim is untimely. Therefore, the claim must be dismissed as frivolous.

With regard to Plaintiff's allegation of violation of the "prisoners information act," the Court cannot identify such a statute. Plaintiff also alleges violations of the Americans with Disabilities Act and the Fourth and Fifth Amendments. However, the Court finds that the complaint fails to allege facts to support violations of these provisions. Those claims will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: August 17, 2024

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Jefferson County Attorney
4415.010